IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **PATRICIA WALKER,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **CLINCH COUNTY, GEORGIA, and** : <br> **FARMERS HOME ADMINISTRATION,** : <br> : <br> **Defendants.** : <br> _____ : | **CASE NO:** <br> **7:25-cv-196–WLS** |

## ORDER

On December 22, 2025, *pro se* Plaintiff, Patricia Walker, filed a Complaint (Doc. 1) against Defendants Clinch County, Georgia ("Clinch County"), and Farmers Home Administration alleging violations of her rights under 42 U.S.C. § 1983, conspiracy under § 1985, violation of 28 U.S.C. § 2409a related to Defendants' claiming an adverse interest in property in which Plaintiff alleges she has an interest, and a state law claim for fraud. On January 20, 2026, Defendant Clinch County filed a Motion to Dismiss (Doc. 3). The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiff adequate notice regarding the Motion to Dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In addition, the Motion to Dismiss seeks dismissal of the Complaint against Clinch County on the basis that Plaintiff failed to properly serve Clinch County. With respect to this

1

assertion, Defendant filed the Affidavit of Debbie Pittman, an accounts payable clerk/deputy clerk for Clinch County. (*See* Doc. 5).

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs. Plaintiff may submit her argument to this Court by filing a brief, not exceeding twenty pages, in opposition to the Motion to Dismiss. M.D. Ga. L.R. 7.4. Furthermore, the Court's resolution of Clinch County's Motion to Dismiss could result in granting judgment against Plaintiff, and there would be no trial or further proceedings as to Clinch County.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file a Response to Clinch County's Motion to Dismiss, if she so desires, within **twenty-one (21) days** of this Order or no later than **Wednesday, February 11, 2026**. Thereafter, the Court will consider Clinch County's Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

Plaintiff is noticed that if Clinch County's Motion to Dismiss is granted, Plaintiff's Complaint against Defendant Clinch County may be dismissed without further notice or proceeding. Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing Clinch County's Motion to Dismiss. Otherwise, Plaintiff is entirely responsible for filing a timely response to Clinch County's motion as set out herein, and pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules.

**SO ORDERED**, this 21st day of January 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**