**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

PATRICIA WALKER,                          :
                                          :
      **Plaintiff,**                     :
                                          :
  v.                                    :        **CASE NO:**
                                          :      **7:25-cv-196–WLS**
CLINCH COUNTY, GEORGIA, and               :
FARMERS HOME ADMINISTRATION,              :
                                          :
      **Defendants.**                    :
_____

## <u>ORDER</u>

Before the Court is *pro se* Plaintiff's Motion to Substitute Proper Federal Defendant and for Guidance on Service (Doc. 13) ("Motion"). Therein, Plaintiff requests the Court:

1.      Substitute the United States of America in place of Defendant Farmers Home Administration;

2.      Clarify whether the United States claims an interest in the real estate located at 459 Old Pearson Road, Homerville, Georgia ("Property"), that is the subject of her action;

3.      Clarify through which agency or successor entity any such federal interest is held;

4.      Provide guidance regarding whether the alleged 2024 transaction involving the defunct Farmers Home Administration entity is legally valid; and

5.      Provide guidance regarding proper service upon the United States.

In effect, Plaintiff requests the Court act as her lawyer and provide legal advice and services to assist her in prosecuting her case. This the Court cannot and will not do.

Courts in the Eleventh Circuit "liberally read briefs filed by *pro se* litigants." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009) (per curiam) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"), *overruled on other grounds by, Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir.2004). However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, … or to

1

rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs.*, 132 F.3d at 1369 (citation omitted). Nor does it require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs.*, 132 F.3d at 1369).

Accordingly, Plaintiff's Motion to Substitute Proper Federal Defendant and for Guidance on Service (Doc. 13) is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile her motion or motions, if appropriate, without her requests for legal advice or requests for confirmation of proper parties from the Court. Plaintiff is responsible to prosecute her case. However, if Plaintiff wishes time to obtain counsel, the Court will, upon written motion, grant a reasonable period of time to do so. However, Plaintiff remains responsible for her case until or unless she obtains counsel.

**SO ORDERED**, this 30th day of March 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2