**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| PATRICIA WALKER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CASE NO:** |
| | : | **7:25-cv-196–WLS** |
| CLINCH COUNTY, GEORGIA, and | : | |
| FARMERS HOME ADMINISTRATION, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 20) ("Motion"). Therein, *pro se* Plaintiff requests the Court vacate the July 8, 2026 Order (Doc. 18) dismissing Defendant Farmers Home Administration ("FHA") from this action for failure to comply with the Court's prior Orders (Docs. 15, 17) requiring Plaintiff to file evidence on or before June 26, 2026, that the FHA had been served with a Summons and Complaint or that the FHA had waived service.

Plaintiff filed her Complaint (Doc. 1) against FHA and Clinch County, Georgia ("Clinch County") on December 22, 2025. On March 26, 2026, she filed a motion (Doc. 13) requesting the Court provide her with guidance as to the proper defendants to her action and guidance as to serving such defendants. By Order (Doc. 14) entered March 30, 2026, the Court denied Plaintiff's motion explaining that it could not act as her lawyer or provide legal advice and services to assist her in prosecuting her case. The Court reminded Plaintiff that it is her responsibility to prosecute her case, but noted that if Plaintiff wished time to obtain counsel, that the Court would, upon written motion, grant a reasonable period of time to do so.

When Plaintiff had still not served the FHA, on May 4, 2026, the Court entered an Order (Doc. 15) requiring Plaintiff to file evidence of returned Summons executed or waived and/or show cause no later than May 18, 2026, why the Complaint should not be dismissed, without prejudice, as to the FHA for failure to serve such Defendant. Plaintiff was warned

1

that failure to respond to or comply with the Court's Order would subject her case to dismissal, without prejudice, as to the FHA without further notice or proceeding.

Plaintiff did not timely comply with the Court's May 4, 2026 Order. However, the Court noted that on May 11, 2026, Plaintiff had a Summons reissued to the FHA. While such action was not strictly in compliance with the Court's May 4, 2026 Order, on May 27, 2026, the Court entered an Order (Doc. 17) allowing Plaintiff until June 26, 2026, within which to file evidence of returned Summons executed or waived and/or show cause why the Complaint should not be dismissed as to Defendant FHA for failure to serve. Again, Plaintiff was noticed that failure to respond or comply with the May 27, 2026 Order would subject her case to dismissal, without prejudice, as to the FHA without further notice or proceeding.

When Plaintiff had still failed to comply with or respond to the May 27, 2026 Order, on July 8, 2026, the Court entered its Order (Doc. 18) dismissing, without prejudice, Plaintiff's Complaint as to the FHA.

Plaintiff now requests reconsideration of the July 8, 2026 Order because she has evidence in the form of returned summonses executed that the Office of the General Counsel United States Department of Agriculture ("USDA") was served on May 28, 2026 (Doc. 20-3), and that the Office of the United States Attorney, Middle District of Georgia ("OUSA"), was served on June 4, 2026 (Doc. 20-4). Plaintiff acknowledges that she failed to timely file the returned summonses executed as required by the Court's Orders, but requests the Court accept these documents as late-filed proofs of service on the USDA and OUSA. She further requests an additional twenty-one days to complete such other service as required by Federal Rule of Civil Procedure 4(i)(1), (2). The Court notes that Plaintiff has not filed proof of service on the Attorney General of the United States per Rule 4(i)(1), (2).

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon*

2

*Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

Courts in the Eleventh Circuit "liberally read briefs filed by *pro se* litigants." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009) (per curiam) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"), *overruled on other grounds by, Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir.2004). However, such leniency does not require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules, and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs.*, 132 F.3d at 1369). Further, *pro se* litigants are required to comply with a Court's orders. Plaintiff has offered no reason or excuse for her failure to file documents she apparently possessed even in the face of an Order of this Court that she do so. Plaintiff was given multiple opportunities to serve the FHA and file proof of that service in the Record of this case and failed to do so.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 20) is **DENIED**.

**SO ORDERED**, this 21st day of July 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3