**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **PATRICIA WALKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **7:25-cv-196–WLS** |
| **CLINCH COUNTY, GEORGIA, and** | : | |
| **FARMERS HOME ADMINISTRATION,** | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## <u>ORDER</u>

Before the Court is the Motion to Dismiss by Defendant Clinch County (Doc. 3) ("Motion to Dismiss"). After review, the Motion is granted.

## I.    PROCEDURAL BACKGROUND

On December 22, 2025, *pro se* Plaintiff, Patricia Walker, filed a Complaint (Doc. 1) against Defendants Clinch County, Georgia ("Clinch County") and Farmers Home Administration (USDA) ("FHA") alleging violations of her rights under 42 U.S.C. § 1983, conspiracy under § 1985, violation of 28 U.S.C. § 2409a related to the FHA claiming an adverse interest in property in which Plaintiff alleges she has an interest, and a state law claim for fraud. On January 20, 2026, Clinch County filed its Motion to Dismiss asserting the following five bases on which the Complaint should be dismissed: (1) this Court lacks personal jurisdiction over Clinch County because Plaintiff failed to effectuate proper service of process; (2) Plaintiff lacks standing to maintain this action because she does not have a legally protected ownership interest in the real property at issue; (3) abstention under the *Younger* doctrine is appropriate because the property dispute is the subject of an ongoing judicial proceeding in state court that implicates important state interests and provides an adequate forum for Plaintiff's claims; (4) Plaintiff failed to join two persons whose alleged actions and omissions form the basis for all of Plaintiff's claims against Clinch County; and (5) Plaintiff has failed to state a claim for relief.

To ensure that *pro se* plaintiffs receive adequate notice regarding a motion to dismiss, the Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion

1

to dismiss and the potential ramifications if they chose not to respond to such motion. On January 21, 2026, the Court provided such notice to Plaintiff and required that she respond to the Motion to Dismiss no later than February 11, 2026. (*See* Order Doc. 7). On February 4, 2026, Plaintiff filed her Response (Doc. 9) in opposition, and on February 18, 2026, Clinch County filed its Reply (Doc. 10). Thus, the Motion to Dismiss is fully briefed and ripe for resolution.

## II.  FACTUAL BACKGROUND

The Court briefly recounts the allegations in the Complaint. As alleged, Plaintiff has had a "prebill mobile home" on property located at 459 Old Pearson Rd., Homersville, Georgia ("Property"), since 2020, and has used the Property and structures on it to house and feed homeless people in the area. (Compl. ¶¶ 8–9 & Ex. A). Plaintiff contends she has added value to the Property because she has paid the property taxes due for the Property.

On October 1, 2024, Clinch County was scheduled to have a tax sale of the Property at the Clinch County Courthouse; however, due to a storm, the courthouse was closed on that date. (*Id.* ¶¶ 11–13). Plaintiff alleges that despite the courthouse being closed, rather than continuing the sale as the officer was supposed to do, the sale was conducted and the FHA was able to acquire the Property. (*Id.* ¶¶ 14–17). Plaintiff did not cite to any authority that would have required the foreclosure of the Property to be rescheduled because the courthouse itself was closed.[1] In any event, Plaintiff alleges she missed out on the chance to obtain the Property through the tax sale because of the actions of Clinch County and the FHA. (*Id.* ¶ 17).

Plaintiff filed a quiet title action in the Clinch County Superior Court ("State Quiet Title Action") against all parties claiming an interest in the Property. (*Id.* ¶ 18). When Plaintiff failed to appear at a hearing scheduled for March 4, 2025, her State Quiet Title Action was dismissed. (*Id.* ¶¶ 20–21). Plaintiff appealed dismissal of her state action on the basis that she had not received notice of the March 4, 2025 hearing. Finding that the record was insufficient to show that Plaintiff had received the required notice of the hearing, on August 27, 2025, the

---

[1] Typically, foreclosure sales take place on the courthouse steps. However, Plaintiff did not provide a copy of the advertisement of the foreclosure sale. *See In re Pullen*, No. 11-81588, 2011 WL 6846444, at *1 n.1 (Bankr. N.D. Ga. Dec. 23, 2011), *subsequently aff'd*, 524 F. App'x 545 (11th Cir. 2013) (noting that "[I]n Georgia, non-judicial foreclosure sales may take place on the courthouse steps once monthly on the first Tuesday of each month ("foreclosure day")"); *see also* O.C.G.A. § 9-13-161 ("Unless otherwise provided, sales of property taken under execution shall be made by the sheriffs or coroners only at the courthouse of the county where the levy was made on the first Tuesday in each month, between the hours of 10:00 A.M. and 4:00 P.M.").

Georgia Court of Appeals vacated the dismissal of the State Quiet Title Action and remanded the case for the Clinch County Superior Court to determine whether the required notice of the hearing was sent to Plaintiff. (*Id.* ¶¶ 22–24 & Ex. C). Plaintiff alleges that despite the remand, Clinch County officials, including the judge and clerk, have refused to set a hearing and assign a special master as required by law and the appellate court's remand. (*Id.* ¶¶ 25). Plaintiff alleges that although FHA "went defunct in 1994," records show a foreclosure sale of the Property to FHA in 2024. (*Id.* ¶¶ 26–27, Ex. B).[2]

For relief, Plaintiff requests (1) a declaration that the tax sale of the Property was conducted improperly and is void, pursuant to 28 U.S.C. § 2201; (2) an order quieting title to the Property in favor of Plaintiff and removing any cloud on the title created by the improper tax sale, pursuant to 28 U.S.C. § 2409a; (3) compensatory damages against all Defendants in an amount not less than $99,528, representing the value of the Property; (4) an injunction requiring Clinch County officials to process Plaintiff's quiet title action, including appointing a special master as required by Georgia law, pursuant to 28 U.S.C. § 1651; (5) punitive damages, and (5) attorney fees and costs pursuant to 42 U.S.C. § 1988). (*Id.* at 8–9).

## III.   *PRO SE* **PARTIES**

Courts in the Eleventh Circuit "liberally read briefs filed by *pro se* litigants." *Reeves v. DSI Sec. Servs.*, 331 Fed. App'x 659, 661 (11th Cir. 2009) (per curiam) (citing *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997)); *see GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (holding that Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education"), *overruled on other grounds by, Swann v. S. Health Partners, Inc.*, 388 F.3d 834 (11th Cir.2004). However, "even in the case of *pro se* litigants this leniency does not give a court license to serve as a *de facto* counsel for a party, … or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs.*, 132 F.3d at 1369 (citation omitted). Nor does it require courts to ignore the Rules; "a party who proceeds *pro se* must comply with the same procedural rules that other litigants must follow." *Diaz v. AT&T Mobility*, No. 1:10-CV-3356, 2013 WL 12098747, at *3-4 (N.D. Ga. July 19, 2013), adopted by, 2013 WL 12097948 (N.D. Ga. Aug. 9, 2013). In summary, "[c]ourts show leniency to *pro se* litigants, however, *pro se* litigants are still required to conform to the procedural rules,

---

[2] Although Plaintiff's Complaint states that the record shows FHA as the "Grantor," a review of Exhibit B reflects that FHA was the "Grantee."

and the court is not required to rewrite deficient pleadings." *Jacox v. Dep't of Def.*, 291 Fed. App'x 318, 318 (11th Cir. 2008) (per curiam) (citing *GJR Invs.*, 132 F.3d at 1369).

## IV.   ANALYSIS OF MOTION TO DISMISS

As noted above, Clinch County asserts five bases in support of its Motion to Dismiss: (1) Plaintiff failed to effectuate proper service of process; (2) Plaintiff lacks standing to maintain this action; (3) abstention under the *Younger* doctrine is appropriate; (4) Plaintiff failed to join two persons whose alleged actions and omissions form the basis for all of Plaintiff's claims; and (5) Plaintiff has failed to state a claim for relief.

The Court notes that, in essence, Plaintiff seeks to overturn the results of the foreclosure sale that occurred on October 1, 2024, which would require this Court to review any state order approving such foreclosure. Thus, the Court first, *sua sponte*, examines its jurisdiction under *Rooker-Feldman*[3] and considers whether *Younger* abstention is appropriate prior to addressing Clinch County's other bases for dismissal.

### A.  Rooker-Feldman

In essence, Plaintiff requests that the Court find the tax sale of the Property was conducted improperly and is void and seeks relief from such judgments or rulings that have already been entered by the state court approving the foreclosure sale of the Property to the FHA.

> The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state-court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. The doctrine applies to claims that were actually raised in the state court and those inextricably intertwined with that state judgment.

*Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1315–16 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (internal quotation marks omitted) (citations omitted). It appears, as pled, that Plaintiff's claims here would be inextricably intertwined with the state court proceedings, and Plaintiff has the ability to, and has challenged the foreclosure sale of the Property by filing the State Quiet Title Action to quiet title in her name. Plaintiff has, in fact, won an appeal to the Georgia State Court of Appeals of the original dismissal of that action. However, she is

---

[3] The *Rooker–Feldman* doctrine arose out of two Supreme Court cases: *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923) and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

dissatisfied with the speed at which the Clinch County Superior Court is setting a hearing on the remand.

Under *Rooker-Feldman*, this Court lacks jurisdiction to void any state court order approving the foreclosure sale. Thus, to the extent Plaintiff's Complaint seeks to void any final foreclosure judgment entered by the state court, it must be dismissed for lack of jurisdiction under the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* Doctrine, however, does not apply to Plaintiff's State Quiet Title Action because a final order has not been entered in that action. Rather, the Georgia Court of Appeals remanded the Clinch County Superior Court's dismissal for consideration of whether Plaintiff had received notice of a hearing scheduled in such action.

### B. *Younger* Abstention

Clinch County contends that because of the pending State Quiet Title Action, this Court should abstain, under *Younger*, from resolving Plaintiff's Complaint.

> In *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), the Supreme Court held that a federal court should not act to restrain an ongoing state court criminal prosecution. By abstaining from exercise of their jurisdiction, the federal courts promote the value of comity between the states and the federal government and avoid unnecessary determinations of federal constitutional questions.

*Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 (11th Cir. 1990) (some citations omitted). In reviewing *Younger's* application to civil proceedings, the Supreme Court has stated:

> Abstention is not in order simply because a pending state-court proceeding involves the same subject matter. This Court has recognized, however, certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.
>
> *Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts. We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not refuse to decide a case in deference to the States.
>
> Circumstances fitting within the *Younger* doctrine, we have stressed, are "exceptional"; they include, . . . "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that

are uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (cleaned up). The State Quiet Title Action clearly does not fall within the categories of a state criminal prosecution or civil enforcement proceeding. However, the Eleventh Circuit has found that an action filed in federal court to prevent a foreclosure sale and quiet title in plaintiff after a foreclosure order was entered by a state court would "unduly interfere with the ongoing state foreclosure proceedings in numerous ways and would effectively nullify the state trial court foreclosure judgment." *Shepherd v. U.S. Bank, Nat'l Ass'n As Tr. for Structured Asset Inv. Loan Tr., Mortg. Pass-Through Certificates Servs. 2005-4*, 839 F. App'x 304, 306 (11th Cir. 2020). Thus, the Court finds that the present action fits within the limited type of cases to which *Younger* abstention may apply.

In considering then whether *Younger* abstention is appropriate here,

[T]he federal court must consider whether the three factors enumerated in *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 . . . (1982), are present: First, is the state proceeding "ongoing" at the same time as the federal one? Second, does the state proceeding implicate an "important state interest"? And third, does the state proceeding provide an "adequate opportunity" to raise the federal claim?

*Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation omitted). If these "factors are met, *Younger* abstention is warranted, and the federal court should abstain and allow the state proceeding to go forward." *Id.* In considering these factors, "[w]e must assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary[, and] plaintiffs bear the burden of overcoming this presumption by demonstrating that the state remedies are inadequate." *Shepherd*, 839 F. App'x at 306 (cleaned up).

It is clear that *Younger* applies to this case. First, the State Quiet Title Action is still ongoing. On August 27, 2025, the Georgia Court of Appeals vacated the dismissal of that action and remanded the question of whether Plaintiff had received notice of the hearing in such action. The second prong for application of *Younger* abstention—does the state proceeding implicate an "important state interest"—is also satisfied. "The state has a legitimate interest in the validity of its judgments as well as an important state interest in determining disputes that affect title to [Georgia] property." *Id.* Further, the state proceeding provide an

"adequate opportunity" for Plaintiff to raise her federal claims. As Clinch County points out, Plaintiff waited a mere four months before bringing this action and requesting this Court to decide issues that are currently pending in the State Quiet Title Action. Plaintiff alleges only that the "judge and clerk have refused to set a hearing and assign a special master as required by Georgia law[,]" (Doc. 1 ¶ 25) and that "Defendant's own inaction has prevented the state proceeding from moving forward" (Doc. 9 at 4). However, Plaintiff did not provide any information as to how Defendant's inaction prevented the State Quiet Title Action from proceeding or what action the Defendant were required to take to move that action along. She further failed to provide any information as to whether she had filed any motions requesting that a hearing be scheduled pursuant to the Georgia Court of Appeals order, or what steps she has taken to request the appellate court enforce its order if necessary. Thus, the Court finds that Plaintiff failed to meet her burden to overcome the presumption that state procedures will afford an adequate remedy by demonstrating that the state remedies are inadequate. *Shepherd*, 839 F. App'x at 306.

Based on the foregoing, the Court finds that the *Younger* abstention doctrine is applicable to this case and dismissal is therefore appropriate. Having found that the case will be dismissed pursuant to *Younger* abstention, the Court need not consider Clinch County's other bases for dismissal.

Accordingly, the Motion to Dismiss by Defendant Clinch County (Doc. 3) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 21st day of July 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

7